Turn to today's day calendar and the first case is United States v. Kroll. Robert Culp, assigned by the Court for Appellant J. Kroll. I was not counsel below. In fact, Mr. Kroll foolishly represented himself and pleaded guilty under terms that ostensibly assured him of a mandatory life sentence. He had standby counsel, though, right? He had standby counsel, absolutely, and there was an inquiry about that decision, which since Abe Lincoln we've known is considered foolish, there wasn't an inquiry. But the sentence was more of a foregone conclusion, mostly because of the statute that was invoked. So it's a very short sentencing for a case where a life sentence was issued, and I might liken it to going to a baseball game where you already know the score before the game starts. I'm making this point because if I can roll the rock all the way up the hill to the point where you're considering whether to notice the plain error argument I'm making, I recognize that the sentencing judge did say, well, I'd give you life anyway, even if I didn't have to. And I know that there are multiple decisions of this court that say, even as to guidelines issues, that when the judge says that, there's really no need to remand. He's told you what he's going to do. But I do want to make the point that that sentencing proceeding, it's not really a sentencing, in my view, it's just more of an implementation of a foregone conclusion. And I think that if you accept my argument that the categorical approach under the Supreme Court makes this plain error, and I get past some of the other arguments that the government has made about waiver and a different approach than the categorical approach, a conduct-based approach, even if I get past those, I would ask that the court still remand the case. Because of the kind of artificiality of the sentencing. Why can't waiver in this case apply? In other words, he was advised of the consequences of his agreeing that the child in the New York conviction was 11. He stipulated in writing to the age of the child, usually these categorical approach cases are when you have an old record and you're struggling with what was the indictment of the information or what happened at the plea proceeding 10 years ago in New York. It was in this proceeding where they said, you know, you're going to get a mandatory life and the child was 11 years old. Now, maybe he wasn't adequately advised of the consequences of that, but he certainly was told if you agree to this stipulation, you're going to get mandatory life. Why do we have to apply the categorical approach here when he, in this case, specifically admitted the facts of the underlying conviction? He did stipulate to the facts, the particulars of the underlying conviction. I don't think by doing that that he waived his right to come to this court through assigned counsel and to make a plain error argument. I realize that's a heavy burden, a plain error argument. I think the question is, should we apply the categorical approach in a case in which, in this very case, no one's trying to figure out what is established by the prior record. He acknowledged that his prior offense involved a victim who was 11 years old. And the categorical approach problem is talking about, what, the difference between a statute that applies to children under 12 and one that applies to children under 13 or 14 or something like that? It's not an easy case to apply. I mean, even if we're going to look at a plain error, it's hard to see how this affects substantial rights in this particular circumstance. I understand your point, and if I could follow up. You're not addressing waiver, per se. You're saying that it's different where the defendant actually stipulated to the facts. I understand your point. The only answer I can give to that is that the categorical approach is the law. If I'm right that the categorical approach applies here, and they've made an argument that it doesn't. But this is a sort of puzzling case, anyway, for the categorical approach, because you would agree, wouldn't you, that the statute is structured in such a way that, in many cases, there would need to be a circumstantial question addressed as to whether the victim in the prior offense was under 17. I'm not sure whether you'd be arguing. It's hard for me to see it, but maybe you have an argument that even that inquiry somehow is governed by the categorical approach. But I think the wording of the statute and the structure of the statute would suggest otherwise. The way my answer to that point was that even if that is conduct specific, and that's in 3559E1 itself, that under 17 thing, that I am still arguing that when you get to the point of comparing the most analogous federal criminal statute, not just a sentencing enhancement statute, it's 2241C. I understand that's a separate element. But then you get the problem. It's the hybrid approach I'm taking, essentially. It's complicated, because suppose the most analogous federal statute for the prior state offense, not in this case, but in some other case, happened to be Section 2251, the crime of which Mr. Kroll was convicted here. Now, that under federal law has an age of 18 that's relevant. But one could easily imagine a prior state offense that applied to adults as well that prohibited certain sexual conduct and photographing it. And it would be necessary in applying the enhancement for the court to make a circumstantial assessment of whether the victim was under 17. And yet, under your analysis, we'd still have to say, well, but it's not an analogous statute, because the statute is broader in a way that strikes me as totally irrelevant to the policies of this enhancement. And one can think of other examples of that in the way this statute is structured. Like many of these mandatory sentencing things, I appreciate that Congress is not always at its best in draftsmanship when they do these things. But it's kind of hard to follow. I can't even begin to answer that question, Your Honor, even though I think I understand your point. I would say that part of what you're saying, the sort of illogic of it, is dictated by the categorical approach itself, which presupposes that a comparison of two statutes based on their elements will be in complete disregard of what the actual facts are involving the prior conviction. Yes, but the question of whether the categorical approach applies in a particular situation is a question of statutory interpretation. And I recognize that we start with the plain meaning of the statute, and you have some pretty significant textual arguments that it sounds like Congress was talking in categorical approach terms with respect to that particular element. But it is also a case in which it seems quite clear that the one thing that Congress wanted to do was to make sure that this enhancement did not apply to any sexual conduct affecting a minor, meaning someone under 18, because they specified that you'd have to do what would most likely be a factual, circumstantial inquiry into whether the person is under 17. And here we sit worrying about whether two statutes match up where the ages were 12 and 14, and the defendant stipulated that his prior victim was 11. So you sort of wonder, how could Congress have actually intended that in these particular circumstances? Yeah, and I go back to Justice Alito's dissent in Mathis, obviously invoking the majority's opinion. I mean, he said good luck to everybody trying to figure that out. And it is difficult, and I'm not going to be able to answer all your questions to your satisfaction. I wonder whether some kind of an answer lies in the proposition that, well, three pronged. One is the value of simply doing things according to law. Secondly, the huge difference between going to prison without any hope of ever emerging and going to prison for a very long term, but with some hope of someday seeing the light of day after the prison term. And third, how little an imposition it is. It's not like requiring a retrial where the result might be speculative and the burden considerable. It's not a big deal to go back and have the judge pass a new sentence, even if it's going to be the same sentence. I certainly agree with all those points, Your Honor, and I've made them here and there in the briefs. I think some of those are policy arguments. I think that this panel can consider those, especially on the waiver argument, which is kind of an equitable argument that the government is making that all this is out the window because he stipulated to what happened. But as you pointed out, the categorical approach is the law. I'm saying it's the law as applied to this case. They say otherwise, but it is the law. If it calls for a retrial, I would be looking for ways to have, you know, in a case where there was a trial and it would call for some elaborate proceeding with the possibility of coming out any way you can't predict. But when it calls for simply having the judge conduct a new 20-minute, 15-minute proceeding, I don't know that there's a big reason not to do something in accordance with what the law dictated by the Supreme Court prescribes. Yes, I agree with that. And, Mr. Cobb, do you—the sentence—there is a mandatory sentence without regard to this enhancement, or mandatory sentences. Am I right that the minimum sentence that could be given in this case is 35 years? There's a 25 and a mandatory consecutive 10. Yes, I think that's right. 25 plus—there's also a mandatory consecutive 10. And he's 55 years old. And I appreciate the point that there's a difference between having hope and not having hope, but there's a lot of hope here. In another case, if he had gotten 30, I'd be here telling you that that's an effective death sentence—or not death sentence, that's effectively life in prison and I'm doing what I can. My time is up. If I could do two items of housekeeping very briefly. Judge Lynch, you mentioned statutory interpretation. It's probably obvious. I should have invoked the rule of lenity in my reply brief to the government's argument that this statute is a conduct-directed statute, not elements of the offense-directed statute. I mean, I've made my arguments, but I should have invoked that because I think— Right, because you're saying at a minimum, it's ambiguous. Yeah, exactly. At a maximum, the plain text seems to favor your position. The other thing is—and I'm not going to take advantage of this because I didn't send a Rule 28 letter, but the Supreme Court's decision two weeks ago in Sessions v. DiMaia has a little bit of discussion of these issues. It's more a vagueness case, but there's a little bit of discussion of the conduct-based approach because Justice Thomas had raised that issue in the case and a little bit of discussion of the categorical approach. I'm not going to argue based on the case because I didn't give you a Rule 28 letter, but I just wanted to call that to your attention. Thank you, and you've got a couple of minutes in rebuttal. You're from the government now? May it please the Court? My name is Saritha Kamadi Reddy. I'm an AUSA in the Eastern District of New York, and I was one of the counsel below. I want to begin by addressing defense counsel's remark that it was foolish for the defendant in this case to plead guilty to a life term, and what was clearly a mandatory life term. I just want to note— It was foolish for him to go pro se. That too, and I'm happy to— Your Honor, in the defendant's words, he wanted to ensure that no stone was left unturned. That was his reason for going pro se. He managed to leave a very big stone unturned. Your Honor, I— He managed to leave the stone, like, right in front of him as an obstacle to his getting anything but a sentence of life imprisonment. Well, all right, but— And you're going to tell us that actually it wasn't foolish either for him to stipulate the facts that would give him a sentence of life without parole. That was a sensible choice also. I just wanted to make a note for the record that the defendant made clear that he didn't want to go to trial, and there were strategic reasons based on his own personal life and who the witnesses in this case would be that he avoided trial at all costs, and he postponed trial at all costs. It may make sense for him to avoid trial, but that—did the government insist in some plea agreement? I didn't see a plea agreement— There was no plea agreement. —that required him to acknowledge the age of the prior victim. The government did require that as part of the plea allocution, he would have to acknowledge the age of the prior victim and that those stipulations would be admitted at trial. I want to— Can I make a waiver, though? Absolutely. That is, he certainly stipulated in writing to the age of the child that was made part of the record of the plea. He was advised by the magistrate judge of the consequences of his plea of mandatory life, so that was knowing. What I couldn't find in the plea or anywhere else was someone telling him that, look, if you don't agree to the age of the child in the New York conviction, you will not necessarily face a mandatory life term. In other words, he certainly was advised of the consequences and some consequences of his agreeing to the eleven-year-old status of that prior case, but he wasn't told. It didn't seem to me that he was told what is the result of that. Was he? Your Honor, I don't think those words are on the transcript record. What is on the transcript record is a statement by the government attorney at sentencing that said there is no dispute that the prior conviction is a qualifying conviction. And there was no response to that because the entire focus of the case for nearly the four-year pendency of the case was this life, mandatory life term. I just didn't see whether anybody said to him, look, you understand the consequences of that. I know you're not disputing the child was eleven, but if you don't agree to this, they're going to have to apply a categorical approach to that prior conviction, and it looks like it won't match up with the federal statute, and you might be able to avoid a mandatory life term. I didn't see that anywhere. So if that's the case, how could it be a knowing waiver? So in those words, it wouldn't have been anywhere in the transcript in those words because I don't believe that was the law at the time. And we don't believe it's the law now. We don't believe that the statute requires a categorical approach. He was counseled by his attorney about the impact of the enhancement. I want to note that although he went pro se, there was no rift with his attorney. His attorney stayed on as standby counsel, filed sentencing letter, and made a sentencing argument in conjunction with his own. And when this issue came up in the context of whether to sever the trial, to bifurcate the trial, and sever count four, the conversation was that there was only one case from the Second Circuit addressing this enhancement, the 3559 enhancements, United States v. Rood, which permitted what it called a modified categorical approach, but basically a circumstance-based inquiry. And so — I permitted it because — I'm familiar with Rood from a number of cases where it's relevant. The parties somehow agreed to that, and the courts just said this isn't raised because the parties agreed that this is what's going to happen on remand. The court didn't actually make any ruling, as I read Rood. Fair enough, Your Honor. But at that time and even now, it has always been the case that the Supreme Court and the Second Circuit have said that there are certain circumstances where a fact-specific approach is appropriate. You have to look at the statute and the wording of that statute. And so even though a lot of the ACCA cases have used a categorical approach, that doesn't necessarily dictate one here. And we had argued below and here that it definitely doesn't dictate a categorical approach here. What would you have done? We would have gone to trial, Your Honor. This is why, in fact, there is no plea agreement. And how would you have established the age of the victim in the prior state conviction? So through several means. We obtained the stipulations. There was always a risk, of course. Sometimes defendants try to get out of stipulations. So on the record in the docket below, you'll see that the government disclosed a witness list. Okay. There's a stipulation that is independent of the guilty plea proceeding? No. The stipulation that was admitted at the guilty plea proceeding and the sentencing proceeding. Okay. Was the stipulation part of the plea proceedings? It was. So if he went to trial, you wouldn't have had that stipulation because he wouldn't have been admitting to it in the context of a guilty plea? Or what am I missing? Yeah. Let me clarify. That was a stipulation that we asked the defendant to sign as a trial exhibit and was going to be admitted at trial in a bifurcated trial where we first proved the facts. That's what I asked. So this stipulation existed independently of the plea proceeding? Yes. Beforehand. That's correct. There was a stipulation. We had the certificate of conviction. The prior plea from the state conviction in which the defendant, again, admitted to be allocated to the 11-year-old age. And he was advised in that 20-year-old plea that that plea would form the basis for enhancements for any future conviction. And then third, there was also — If the strict categorical approach were applied, you couldn't use that from the prior state conviction, could you? Because it's not a statute that breaks out the age like that. If the strict categorical approach were applied, we couldn't use those documents. Absolutely, Your Honor. But to finish answering your question, I just want to note that we'd also tracked down and prepared to testify at trial the victim from the prior offense, the prosecutor who'd authenticate the plea documents, the clerk of the court, and the probation officer who took his confession at that time. So the government was prepared and informed the court that it planned to have a special verdict sheet establishing every one of the facts for the enhancement. At the end of the day, this — Because you didn't — and you insisted on a plea to the life mandatory term because you were not confident that mandatory minimum sentences of 35 years in prison for a 55-year-old man, in a case where Judge Wexler would have had the authority to sentence him to life if he deemed that appropriate on the facts of the case, and in that proceeding, it would have been entirely open to the judge to consider all of these facts about the age of the prior victim, and that was all worth going to trial over. Your Honor, I realize that it's unusual to see a case like this, but this was an unusual case. There were four different AUSAs on this case, each with significant experience in prosecuting sex crimes, and this was by far the worst thing we had ever seen. A very significant predator. I appreciate that. Exactly. And not just that, but it was apparent that he had designed his entire lifestyle around having contact with children. He was a teacher. He was a camp counselor. He abused a child. And the witness's statement, the John Doe II victim's statement at sentencing shows that he imposed a lifetime of torture, which is why Judge Wexler explained if the torture he imposed lasted a lifetime, the punishment should as well. And I think that goes straight to the plain error argument. In the government sentencing letter, it explained that the enhancement applied, but even separate and apart under the 3553A factors, of life sentences warranted in this very specific and unique case of someone who simply can't be let out and even for retributive purposes has irreparably damaged two children. But, Your Honor, I don't trust Judge Wexler to see that is what interests me. No, Your Honor. I appreciate that and impose that sentence as based on a full inquiry into the facts. It's not a matter of trust, Your Honor. The charge also signals a deterrence of if this is the worst possible person under the statute, this is exactly the person who this enhancement is meant for. It's a registered sex offender who spends his free time selling children's toys at fairs. This is exactly the person we cannot let out. So, for all those reasons, we explained all of those reasons in the sentencing letter, and that's exactly what Judge Wexler echoed at sentencing, that he would have imposed life anyway. If the Court has no other questions. Thank you. Thank you. I hope you have some time for rebuttal. I don't believe I need to rebut any of what opposing counsel just said. I mean, I've made my arguments before and also in the briefs. If the Court has any questions, I feel like I've had my opportunity to represent. Thank you. Thank you very much. We'll reserve decision in that case and then turn to . . .